# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A.,
SUCCESSORY BY MERGER TO BAC
HOME LOANS SERVICING, L.P., F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, L.P.,
Appellant,
vs.
PREMIER ONE HOLDINGS, INC., A
NEVADA CORPORATION,
Respondent.

No. 70529

FILED

JUL 20 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Valerie Adair, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate the judgment and remand for further proceedings.

Appellant Bank of America argues that the district court erred in granting summary judgment without allowing a continuance to conduct discovery related to equitable grounds to set aside the foreclosure sale.[1] We agree. Of relevance, *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016), explained

---

[1]Bank of America also challenges the relevant provisions in NRS Chapter 116, arguing that federal mortgage insurance programs preempt the statutory scheme and that the statutory scheme violates its due process rights. This court's decisions in *Renfroe v. Lakeview Loan Servicing, LLC*, 133 Nev., Adv. Op. 50, 398 P.3d 904 (2017) (rejecting preemption argument), and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017) (rejecting due process challenge), foreclose those challenges.

that the conclusive effect of the recitals included in a trustee's deed of sale, as provided in NRS 116.31166, does not eliminate equitable relief when the party challenging the sale can show that the sale was affected by fraud, unfairness, or oppression. Bank of America's NRCP 56(f) declaration sought discovery into issues implicating fraud, unfairness, or oppression. Because it is unclear whether the district court considered *Shadow Wood* or the bank's NRCP 56(f) request in granting summary judgment, we conclude that a remand is warranted so the district court may consider Bank of America's NRCP 56(f) request, as well as evaluate the legal significance of Bank of America's tender in light of *Property Plus Investments, LLC v. Mortgage Electronic Registration Systems, Inc.*, 133 Nev., Adv. Op. 62, 401 P.3d 728, 731-32 (2017) (concluding that an HOA may assert a subsequent superpriority lien when a previous superpriority lien has been rescinded).[2] Accordingly, we conclude that summary judgment may have been improper, and we therefore

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____ *Pickering*, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____

[2]Moreover, it appears that there may be unresolved factual issues concerning the sufficiency of Bank of America's $576 tender in light of what appears to be conflicting information in the HOA's account breakdown.

cc: Hon. Valerie Adair, District Judge
Akerman LLP/Las Vegas
Morris Law Center
Eighth District Court Clerk